## Case No. 9,495.

METCALF v. DAVIES SCREW CO. et al.

[3 Cin Law Bul. 456.]

Circuit Court, S. D. Ohio. 1878.

TAX SALE—TAX ON CHATTELS—SALE OF LAND—REMEDY.

Taxes on chattels are not a lien on the real property of the owner until after judgment on suit to recover them.

The real and personal property of the Davies Screw Company, at Dayton, Ohio, having been sold, under mortgage and judgment liens, and the fund being insufficient to pay the liens, two claims in respect to taxes were interposed, each claiming priority over the creditors. One was by Samuel Bigger, purchaser of the real property at tax sale. This was contested on the ground that the auditor's certificate was void for want of certainty; the description of the property being "six acres of land, east of Troy Road, sections 4 and 34, township 1, range 7, in said county." The other claim was by the treasurer of Montgomery county, who claimed priority for payment of the taxes assessed against the company, upon its chattel property, for the years 1866 and 1867. Upon this assessment the treasurer obtained judgment in the court of common pleas, and execution was levied, but it was subsequent to the mortgage and levies by the marshal in favor of the creditors, who resisted on the ground that the statute creates no lien for taxes upon personal property.

King, Thompson & Maxwell, for complainant.

Thomas & Kemper, for Bigger.

W. Munger, for treasurer.

SWING, District Judge. Two questions are presented for decision. The first grows out of the claim of Samuel Bigger, purchaser at tax sale. Under this sale the purchaser claims a lien for the amount of the taxes paid, and fifty per cent. penalty, and six per cent. interest thereon. To this claim it is objected that the tax sale was void by reason of the imperfect description of the land sold. Was this sale void? We think this is not an open question. In Raymond v. Longworth [Case No. 11,595], in which the description was as in this case, it was held insufficient, and the sale was declared void. Upon error to the supreme court of the United States (14 How. [55 U. S.] 76) this decision of the court below was affirmed. And see, also, the various cases decided by the supreme court of Ohio, holding the same doctrine as referred to in the opinion of the court. The description in this case is literally within the cases referred to, and their authority is conclusive upon the question. The tax sale must be held void; and under the statute of Ohio, and the decision of the supreme court of the state in Johnson v. Stewart, 29 Ohio St. 498, the purchaser at tax sale is entitled to the sum by him paid at such sale, and the subsequent taxes, with 6 per cent. interest thereon.

The second question grows out of the claim of the treasurer of Montgomery county for the taxes due upon the personal property belonging to the Davies Screw Co., for the years 1866 and 1867. The personal property was, under an execution issued from this court, levied upon and taken into possession by the marshal in January, 1877. By the laws of Ohio a lien is created in favor of the state upon all real estate for the taxes thereon, but no such lien is created upon personal property; the only provision of law in relation to personal property in that respect is that all personal property subject to taxation shall be liable to be seized and sold for taxes. Such lien would be wholly impracticable, and therefore the legislature has never attempted to

create one. It follows, therefore, that the marshal holds this property freed from any claim of the state for taxes assessed prior to his levy thereon.

As to the taxes assessed subsequent to the levy of the marshal there may be some question. It is claimed that the taking of the property under execution by the marshal did not relieve it from taxation; that it was the duty of the marshal to return it for taxation. There is certainly no express, and I think no implied, provision of the law which requires the marshal to do so. Indeed, a provision of this character would be attended with greater difficulty than that of a lien; and the officers in this case seem to have so regarded the law, for they never made any demand upon the marshal to do so. When the Davies Screw Co. failed to return the property for taxes, they listed these chattels in its name, and as its property, and levied the taxes thereon against said company; and subsequently, in pursuance of the provisions of the statute, they obtained a judgment against the company for the amount thereof which was levied upon the property. There being no law requiring the marshal to list this property for taxation, and no proceeding against him in relation thereto, and there being no lien upon this property for the payment of the taxes, the only lien, if any, which exists, is that by the levy of the execution issued upon the judgment against the Davies Screw Co. for the taxes; and this, being subsequent to the title of the marshal, is postponed to it.

The application must therefore be overruled.